# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

AZURE MANOR/RANCHO DE PEAZ
HOMEOWNERS ASSOCIATION,

                Plaintiff,

vs.

MRI INTERNATIONAL; *et.al.*,

                Defendants.

Case No. 2:15–cv–1623–GMN–VCF

**ORDER**

Before the court are M&M Construction's motion for good faith settlement (ECF No. 114), D.R. Horton's response (ECF No. 124), and M&M Construction's reply (ECF No. 126).  Also before the court are D.R. Horton's motion for leave to amend its third-party complaint (ECF No. 111), M&M's response (ECF No. 116), and D.R. Horton's reply (ECF No. 119).  A hearing was held on August 19, 2016 at 11:00 a.m.  For the reasons stated below, both motions are granted.

## I. Discussion

1.    <u>M&M's Motion for Determination of Good Faith Settlement is Granted</u>

Considering the relevant points and authorities and the representations of counsel, the parties' $85,000 settlement is reasonable.  Settlement was reached through mediation, and there is no evidence of collusion, fraud, or tortious conduct aimed to injure the interests of the non-settling parties. The court finds that U.S Home's release of its claims against M&M Construction pursuant to this settlement is given in good faith in accordance with Nevada Revised Statute § 17.245.

Approval of this settlement pursuant to N.R.S. § 17.245 discharges M&M Construction from all liability for contribution and for equitable indemnity as to the Rancho de Paez community.  M&M

Construction will remain in this action and may still be subject to liability for any claims arising out of the Azure Manor community.

2.    D.R. Horton's Motion to Amend is Granted

"A party may amend its pleadings once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whoever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleadings only with the opposing party's written consent or with the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Under Rule 15, a court should only deny leave to amend where there has been a "showing of bad faith, undue delay, futility or undue prejudice." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) (referring to these considerations as the Forman factors). "Absent prejudice, or a strong showing of any of the remaining Forman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

"The party opposing the amendment carries the burden of showing why leave should not be granted." *Akinola v. Severns*, No. 3:14-cv-222-HDM-WGC, 2015 WL 456535 at* 2 (D.Nev. Feb. 2, 2015).

On or about July 12, 2016, D.R. Horton received a copy of a "Participation Agreement" between D.R. Horton and U.S. Homes. (ECF No. 111) This agreement provided that U.S. Homes would perform mass and rough grading on D.R. Horton's portion of the development. (*Id.*) Based on this agreement and other discovery responses, the company believes that M&M Construction. U.S. Homes's subcontractor, performed the mass and rough grading on D.R. Horton's portion of the development.

(*Id.*)  On July 19, 2016, D.R. Horton moved to amend its third-party complaint against M&M Construction.

M&M Construction argues that D.R. Horton unduly delayed its amendment because it knew about all of its claims against M&M when it filed its original third-party complaint.  (ECF No. 116)  This is probably untrue.  The construction work at issue was performed over 12 years ago, in 2004 and 2005.  At the hearing, D.R. Horton represented that it no longer possesses many of the documents from that time period.  It has had to rely on its own incomplete records and the other parties' discovery responses to construct its theories of liability.  Given the amount of time that has elapsed since the "Participation Agreement" and invoices were created, D.R. Horton did not unduly delay bringing its motion to amend.

M&M Construction also argues that it will be prejudiced if D.R. Horton is permitted to amend its third-party complaint to assert new claims against it.  (ECF No. 116)  M&M Construction's expert, Kevin Jordon, had personally examined the U.S. Homes portion of the development (the Racho de Paez community).  Jordon based his expert report, in part, on these observations.  He did not examine the D.R. Horton portion of the development (the Azure Manor community).  M&M Construction contends that it will be prejudiced if it must rely on a report created by an expert who has not personally examined the D.R. Horton portion.  (*Id.*)

At the hearing, D.R. Horton did not object to allowing Jordon being allowed to inspect its portion of the development.  Additionally, D.R. Horton stated that the parties had discussed what steps would need to be taken in the event this court permitted D.R. Horton to amend its complaint.  These arrangements would not significantly delay dispositive motions or trial.  Based on D.R. Horton's representations at the hearing, M&M Construction will not be prejudiced if D.R. Horton is granted to leave to amend its third-party complaint.

3

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that M&M Construction's Motion for Determination of Good Faith Settlement (ECF No. 114) is GRANTED.

IT IS FURTHER ORDERED that D.R. Horton's Motion to Amend Its Third-Party Complaint (ECF No. 111) is GRANTED.

IT IS SO ORDERED.

DATED this 22nd day of August, 2016.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4