# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| AZURE MANOR/RANCHO DE PAZ HOMEOWNERS ASSOCIATION, *et al.*, | Case No. 2:15-cv-01623-GMN-VCF |
| Plaintiffs, | |
| vs. | **ORDER** |
| D.R. HORTON, INC., *et al.*, | |
| Defendants. | |

Before the court are Third Party Defendant's Motion to Place Settlement on the Record and for Determination of Good Faith Settlement (ECF No. 129) Motion to Deem Settlement Agreement and Release of Claims Fully Executed by M S Concrete, Co., Inc. (ECF No. 133).

**Motion to Deem Settlement Enforceable**

**A.      Relevant Facts**

This case involves alleged construction defects with common area components of the Azure Manor/Rancho de Paz community. The community was constructed by D.R. Horton, Inc. and U.S. Home Corp., with D.R. Horton, Inc. constructing the Azure Manor section of the community and U.S. Home Corp., constructing the Rancho de Paz section. M S Concrete appears to have been involved with installation of concrete flatwork components on the Rancho de Paz section only. D.R. Horton, Inc. did not assert any claims against M S Concrete in this matter.

M S Concrete and U.S. Home Corp. have reached a successful settlement and have agreed to the final terms of a Settlement Agreement and Release of Claims. (ECF No. at 7). Counsel for M S Concrete has not been able to locate a representative of M S Concrete to execute the final Settlement Agreement and Release of Claims. M S Concrete counsel requests that the Court deem the Settlement Agreement and Release of Claims between M S Concrete and U.S. Home Corp., fully executed by M S Concrete.

**1.    Relevant Law**

Pursuant to Nevada Revised Statute §17.245, "[w]hen a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death: (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor."

The court in *The Doctors Co. v. Vincent*, stated that, as evidenced by the ruling in In re MGM Grand Hotel Fire Litigation, "the Nevada Federal District Court embrace[s] the following factors in evaluating good-faith issues under NRS 17.245: [1] [t]he amount paid in settlement, [2] the allocation of the settlement proceeds among plaintiffs, [3] the insurance policy limits of settling defendants, [4] the financial condition of settling defendants, and [5] the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *The Doctors Co. v. Vincent*, 120 Nev. 644, 651-52, 98 P.3d 681, 686 (2004)(quoting *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913, 927 (D.Nev.1983)).  The court also stated that these factors are not exhaustive, and that the determination of good faith settlement "should be left to the discretion of the trial court based upon all relevant facts available..."  *Id* at 652 (quoting *Velsicol Chemical v. Davidson*, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991)).

**2.    Discussion**

Considering the factors outlined above, the Court grants Third-Party Defendant M S Concrete Co., Inc.'s Motion to Deem Settlement Agreement and Release of Claims Fully Executed by M S Concrete, Co., Inc. (ECF No. 133).

No opposition has been filed. This constitutes consent to the granting of the motion under Local Rule 7-2(d), which states that "[t]he failure of an opposing party to file point and authorities in response to any motion shall constitute a consent to the granting of the motion."

The Court has reviewed the instant motion and finds that the proposed settlement satisfies section 17.245's good-faith requirement. The court's finding is predicated on three of the MGM factors. With regard to the first and second factor, the proposed settlement appears fair and reasonable. (ECF No. 133-1). *See MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927.

Finally, the propose settlement agreement, in the amount of $63,000.00, was apparently reached in good faith because collusion, fraud, and other tortious conduct aimed to injure the interests of non-settling defendants is absent. *MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927. The proposed settlement was reached after extensive negotiations involving an independent Mediator. (ECF NO. 133 at 7).

Based on the foregoing and all of the relevant facts surrounding the settlement, the undersigned finds that the settlement was reached in good faith.

Under Local Rule 11-6(a), an attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case. Given that M S Concrete's counsel has made several attempts and cannot locate a representative of M S Concrete to sign the settlement agreement, the court deems that the Settlement Agreement and Release of Claims between M S Concrete and U.S. Home Corp., as attached in ECF No. 133-1, is fully executed, and enforceable.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Third Party Defendant's Motion to Place Settlement on the Record and for Determination of Good Faith Settlement (ECF No. 129) Motion to Deem Settlement

///

///

///

Agreement and Release of Claims Fully Executed by M S Concrete, Co., Inc. (ECF No. 133) are GRANTED.

DATED this 20th day of September, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE