# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

AZURE MANOR/RANCHO DE PAZ HOMEOWNERS ASSOCIATION, *et al.*,

Plaintiffs,

vs.

D.R. HORTON, INC., *et al.*,

Defendants.

Case No. 2:15-cv-01623-GMN-VCF

**REPORT AND RECOMMENDATION**

Before the court is D.R. Horton, Inc.'s Motion for Determination of Good Faith Settlement. (ECF No. 192). A hearing was held on April 14, 2017. The Court canvassed and heard representations from the parties.

**A.    Relevant Facts**

This case involves alleged construction defects with common area components of the Azure Manor/Rancho de Paz community. The community was constructed by D.R. Horton, Inc. ("D.R. Horton") and U.S. Home Corp. ("U.S. Home"), with D.R. Horton, Inc. constructing the Azure Manor section of the community and U.S. Home Corp., constructing the Rancho de Paz section.

**B. Relevant Law/Discussion**

Pursuant to Nevada Revised Statute §17.245, "[w]hen a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death: (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor."

The court in *The Doctors Co. v. Vincent*, stated that, as evidenced by the ruling In re MGM Grand Hotel Fire Litigation, "the Nevada Federal District Court embrace[s] the following factors in evaluating good-faith issues under NRS 17.245: [1] [t]he amount paid in settlement, [2] the allocation of the settlement proceeds among plaintiffs, [3] the insurance policy limits of settling defendants, [4] the financial condition of settling defendants, and [5] the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *The Doctors Co. v. Vincent*, 120 Nev. 644, 651-52, 98 P.3d 681, 686 (2004)(quoting *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913, 927 (D.Nev.1983)). The court also stated that these factors are not exhaustive, and that the determination of good faith settlement "should be left to the discretion of the trial court based upon all relevant facts available..." *Id* at 652 (quoting *Velsicol Chemical v. Davidson*, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991)).

**2.  Discussion**

In considering the factors outlined above, the Court grants D.R. Horton's Motion for Good Faith Determination (ECF No. 192).

No opposition has been filed. This constitutes consent to the granting of the motion under Local Rule 7-2(d), which states that "[t]he failure of an opposing party to file point and authorities in response to any motion shall constitute a consent to the granting of the motion."

The Court has reviewed the instant motion and finds that the proposed settlement satisfies section 17.245's good-faith requirement. The court's finding is predicated on three of the MGM factors. With regard to the first factor, D.R. Horton and Third-Party Defendants propose a fair compensation amount of $285,000 to Plaintiff. *Id.* at 3. The total settlement with Plaintiff of $285,000, includes payment from D.R. Horton of $60,000, and D.R. Horton's direction to the other settling parties to pay Plaintiff the balance of the settlement. *Id.* at 6. This determination included consideration of the extensive negotiations between the parties and totality of the circumstances. *Id.* The compensation, which is "the prime badge" for determining good faith, *see MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927, represents a fair and

reasonable amount since this proposed settlement amount will help avoid substantial future litigation costs that will be incurred in preparation for trial. *Id.*

With regard to the second factor, the proposed settlement amount appears fair and reasonable since the policy limits of D.R. Horton's insurance carrier are not a significant factor in reaching the settlement amount. (ECF No. 192 at 6). *See MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927.

Finally, the propose settlement agreement was apparently reached in good faith because collusion, fraud, and other tortious conduct aimed to injure the interests of non-settling defendants is absent. *MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927. The proposed settlement was reached after extensive discovery and settlement negotiations. (ECF No. 192 at 7).

Based on the foregoing and all of the relevant facts surrounding the settlement, the undersigned finds that the settlement was reached in good faith.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that D.R. Horton, Inc.'s Motion for Determination of Good Faith Settlement. (ECF No. 192) be GRANTED.

DATED this 14th day of April, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE