**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| AZURE MANOR/RANCHO DE PAZ HOMEOWNERS ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> D.R. HORTON, INC., *et al.*, <br><br> Defendants. | Case No. 2:15-cv-01623-GMN-VCF <br><br> **ORDER REGARDING NEVADA LANDSCAPE'S SETTLEMENT AGREEMENT** <br> **REPORT AND RECOMMENDATION THAT THIS CASE BE DISMISSED** |

Before the court is Third-Party Defendant Nevada Landscape Corp.'s Motion to Deem Settlement Agreement with Defendant/Third-Party Plaintiff D.R. Horton, Inc. Executed. (ECF No. 203).

As part of a global settlement among the parties, a settlement has been reached between Defendant/Third-Party Plaintiff D.R. Horton, Inc. and Defendant/Third-Party Nevada Landscape Corp. *Id*. The Court has reviewed this settlement and determined that the agreement was made in good faith. Nevada Revised Statute § 17.245. (ECF No. 201). No objection has been filed challenging that finding.

Third-Party Defendant Nevada Landscape Corp. is no longer in business. There is no available representative from the entity to sign the Settlement Agreement and Release. Third-Party Defendant Nevada Landscape Corp.'s counsel requests that the Court deem the Settlement Agreement and Release of Claims between Defendant/Third-Party Plaintiff D.R. Horton, Inc. and Defendant/Third-Party Nevada Landscape Corp., fully executed by Defendant/Third-Party Nevada Landscape Corp. *Id.*

**B. Relevant Law/Discussion**

Pursuant to Nevada law and the general principles of contract law, a settlement contract is formed when the parties have agreed to its material terms, and not when a document is finalized by signatures. *May v. Anderson*, 121 Nev. 668, 670, 119 P.3d 1254, 1256 (2000). In *May*, the Court determined that a

settlement agreement between the parties, which includes all the material terms, but is later unsigned is still a valid settlement agreement. *See Id.*

The entire thrust of federal practice and procedure is predicated on three core concepts: justice, speed and the inexpensive determination of every action. *See* FED. R. CIV. P. 1 (stating that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Under Local Rule IA 11-6(a), an attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case. Given that Third-Party Defendant Nevada Landscape Corp.'s counsel cannot locate a representative of Nevada Landscape Corp. to sign the settlement agreement, the court deems that the Settlement Agreement and Release of Claims between Defendant/Third-Party Plaintiff D.R. Horton, Inc. and Defendant/Third-Party Nevada Landscape Corp, is fully executed, and enforceable.

No opposition has been filed. This constitutes consent to the granting of the motion under Local Rule 7-2(d), which states that "[t]he failure of an opposing party to file point and authorities in response to any motion shall constitute a consent to the granting of the motion."

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Third-Party Defendant Nevada Landscape Corp.'s Motion to Deem Settlement Agreement with Defendant/Third-Party Plaintiff D.R. Horton, Inc. Executed. (ECF No. 203) is GRANTED.

IT IS RECOMMENDED that all claims against all parties be dismissed with prejudice, each side bearing its costs and attorney fees.

DATED this 26th day of May, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE