# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

AZURE MANOR/RANCHO DE PAZ
HOMEOWNERS ASSOCIATION, *et al.*,

Plaintiffs,

vs.

D.R. HORTON, INC., *et al.*,

Defendants.

Case No. 2:15-cv-01623-GMN-VCF

**ORDER**

Before the court is American Asphalt & Grading Company's Motion to Deem Settlement Agreement and Release Executed. (ECF No. 206).

As part of a global settlement among the parties, a settlement has been reached between D.R. Horton, Inc. and American Asphalt & Grading Company. *Id*. The Court has reviewed the settlement and determined that the agreement was made in good faith. Nevada Revised Statute § 17.245. *Id.* at 8.

American Asphalt & Grading Company is a dissolved Nevada corporation and does not have a signatory to execute the Settlement Agreement and Release. *Id* at 4. Counsel for American Asphalt & Grading Company requests that the Court deem the Settlement Agreement and Release of Claims between D.R. Horton, Inc. and American Asphalt & Grading Company, fully executed by American Asphalt & Grading Company. *Id.*

**B. Relevant Law/Discussion**

Pursuant to Nevada law and the general principles of contract law, a settlement contract is formed when the parties have agreed to its material terms, and not when a document is finalized by signatures. *May v. Anderson*, 121 Nev. 668, 670, 119 P.3d 1254, 1256 (2000). In *May*, the Court determined that a settlement agreement between the parties, which includes all the material terms, but is later unsigned is still a valid settlement agreement. *See Id.*

The entire thrust of federal practice and procedure is predicated on three core concepts: justice, speed and the inexpensive determination of every action. *See* FED. R. CIV. P. 1 (stating that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Under Local Rule IA 11-6(a), an attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case. Given that American Asphalt & Grading Company is a dissolved Nevada corporation and does not have a signatory to execute the Settlement Agreement and Release, the court deems that the Settlement Agreement and Release of Claims between D.R. Horton and American Asphalt & Grading Company, fully executed, and enforceable.

Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. To date, no opposition has been filed.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that American Asphalt & Grading Company's Motion to Deem Settlement Agreement and Release Executed. (ECF No. 206) is GRANTED.

IT IS RECOMMENDED that all claims against all parties be dismissed with prejudice, each side bearing its costs and attorney fees.

DATED this 19th day of June, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE